**Elaine MELANSON, Administratrix of the Estate of Richard Melanson, Petitioner-Appellant,**

v.

**CARIBOU REEFERS, LTD., Defendant-Appellee.**

**No. 81–1423.**

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1981.

Decided Dec. 17, 1981.

David B. Kaplan, Boston, Mass., with whom Edward J. White, and Orlando & White, Gloucester, Mass., were on brief, for petitioner-appellant.

Frank H. Handy, Jr., Boston, Mass., with whom Richard B. Kydd, Michael F. Kuppens, and Kneeland, Kydd & Handy, Boston, Mass., were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, BREYER, Circuit Judge, and BONSAL,* Senior District Judge.

PER CURIAM.

Plaintiff, administratrix of the estate of Richard Melanson, a longshoreman, instituted this action against Caribou Reefers, Ltd. pursuant to the Longshoremen's and Har-

* Of the Southern District of New York, sitting    by designation.

bor Workers' Compensation Act, 33 U.S.C. § 905(b). On May 19, 1981 the district court granted summary judgment to the defendant, and plaintiff appeals. We affirm.

Plaintiff's intestate, Mr. Melanson, was employed as a longshoreman on defendant's ship on May 13, 1975 to unload 50-lb. cartons of frozen fish. When it was discovered that some of the cartons were frozen together, the longshoremen requested the ship's assistance and a crew member with a pry bar would free the cartons from each other and indicate to the longshoremen the cartons which had been freed. Melanson picked up two cartons which were frozen together and was observed to be bent over complaining of inability to breathe, and sweating profusely. He died approximately a month later of purported heart failure.

■ The facts in this case correspond almost to the letter to those in *Raymond v. I/S Caribia*, 626 F.2d 203 (1st Cir. 1980), *cert. denied*, 451 U.S. 969, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). In *Raymond*, plaintiff's intestate was also a longshoreman who was employed to unload 50-lb. cartons of frozen fish on the date that he was injured and died. On that day, the longshoremen, finding that some cartons were frozen together, requested a crew member to come into the hold and pry the cartons loose. The crew member then indicated to the longshoremen which cartons had been pried loose. Thereafter, Mr. Raymond unexpectedly lifted two cartons which were still frozen together. He died of purported heart failure. We reversed the district court and held that the ship was not liable for the longshoreman's death under the Longshoremen's and Harbor Workers' Compensation Act or under applicable case law. Here, as in *Raymond*, there was no evidence that the ship knew or should have known that the condition of the cargo would pose an unreasonable risk of harm to the longshoremen. As in *Raymond*, "[i]t would be stretching credulity to find that there was an unreasonable risk of harm to an experienced longshoreman in attempting to hold two cartons weighing about one hundred ten pounds, even though the extra fifty-five

pounds were unanticipated. A heart attack due to sudden and unexpected physical exertion and stress, which are an integral part of a longshoreman's work, is not a harm that can reasonably be anticipated or guarded against." 626 F.2d at 206.

■ Plaintiff points out that the district court in granting summary judgment without affording plaintiff ten days to be heard on the motion, to be present at the hearing, and to serve opposing affidavits, failed to comply with Fed.R.Civ.P. 56(c). Rule 56(c) should be observed in all cases and, because the district court did not do so, we have afforded plaintiff every latitude to show that defendant was not entitled to summary judgment. We note that no affidavits were filed by plaintiff in the district court, so the facts put forward by the defendant must be accepted for the purposes of the motion. Indeed, as we understand counsel's oral argument, plaintiff's contention is not that she suffered from being precluded the opportunity to develop more of a factual background, but that she was deprived of the chance to argue the legal issue fully presented to us and discussed below, the continuing validity of *Raymond*. Under these circumstances we view the court's noncompliance with rule 56(c) as a procedural *damnum absque* any substantive *injuria*.

Plaintiff argues that the recent decision of the Supreme Court in *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), which was decided after *Raymond*, dictates a different result. Plaintiff relies heavily on the Court's statement that " . . . the vessel may be liable if it actively involves itself in the cargo operations and negligently injures a longshoreman . . . ." 101 S.Ct. at 1622. We do not find that *Scindia* changes the result in this case. *Scindia* involved a situation where equipment belonging to the ship which had been malfunctioning for two days injured a longshoreman. The Court found that where the "judgment" of the stevedore in allowing the longshoremen to use the winch was "so obviously improvident" and the ship knew

or should have known that the condition "presented an unreasonable risk of harm to the longshoremen ... that in such circumstances it had a duty to intervene and repair..." 101 S.Ct. at 1626. This case concerns the condition of the cargo and not the condition of the ship's gear. Moreover, there is no evidence in the record to indicate that the stevedore here acted "improvidently" in allowing the longshoremen to unload the cartons after it was found that some of them were frozen together. Finally, as we noted before, there is no evidence in the record suggesting that cartons of frozen fish which have become stuck together create an "unreasonable risk of harm to the longshoremen."

Accordingly, the granting of summary judgment to the defendant is AFFIRMED.