**Charles STELLA, et al., Plaintiffs, Appellants,**

v.

**TOWN OF TEWKSBURY, MASSACHUSETTS, et al., Defendants, Appellees.**

No. 93–1295.

United States Court of Appeals, First Circuit.

Heard Aug. 4, 1993.

Decided Sept. 14, 1993.

---

Harvey A. Schwartz, with whom Siobhan M. Sweeney and Schwartz, Shaw & Griffith were on brief, for plaintiffs, appellants.

Kimberly M. Saillant, with whom Morrison, Mahoney & Miller was on brief, for defendants, appellees.

Before SELYA and STAHL, Circuit Judges and FUSTE,** District Judge.

SELYA, Circuit Judge.

Over twenty-four centuries ago, a Greek philosopher warned that "[h]aste in every business brings failures." VII Herodotus, *Histories*, ch. 10. This appeal illustrates that courts are no exception to the rule. The tale follows.

## I

Plaintiffs, former members of the Zoning Board of Appeals of Tewksbury, Massachusetts, claimed that defendants (the town and various municipal officials) had ousted them in derogation of their First Amendment guarantees. They brought this civil rights action in federal district court seeking, *inter alia*, reinstatement and money damages. The case proceeded uneventfully through the discovery phase. The day of trial found the parties ready for a full-dress courtroom confrontation. But even as the attorneys surveyed prospective jurors, a visiting judge, new to the case, directed defendants to move then and there for summary judgment. The judge accepted a perfunctory oral motion and gave the parties thirty minutes in which to prepare for argument. Plaintiffs objected to this procedure without avail. Following a hearing that consisted mainly of counsels' haranguing, the judge again brushed aside plaintiffs' protest anent the procedure and informed the parties that he would issue a bench decision three days later. When the litigants appeared as ordered, a further exchange occurred, culminating in the entry of summary judgment for defendants. This appeal ensued.

** Of the District of Puerto Rico, sitting by designation.

Although we understand defendants' entreaties that we turn a blind eye to procedural irregularities and focus instead on whether the presence of genuine issues of material fact can be discerned, we decline to delve into the substantive aspects of plaintiffs' cause of action. Given the case's posture, leapfrogging to the merits would display much the same disregard for established protocol that marred the district court's performance. Courts cannot make up new rules as they go along, whether to promote notions of judicial economy or to suit a judge's fancy. Because the lower court employed a flawed procedural regime, we reverse its ruling, vacate the judgment, and reinstate the case for trial.[1]

## II

■ Although defendants moved orally for summary judgment, their motion was made at the direction of the court. Placing substance over form, we regard what transpired as the functional equivalent of a *sua sponte* grant of summary judgment. To be sure, district courts possess the power to trigger summary judgment on their own initiative, *see, e.g., Jardines Bacata, Ltd. v. Diaz–Marquez,* 878 F.2d 1555, 1560 (1st Cir.1989), but the power is invariably tempered by the need to ensure that the parties are given adequate notice to bring forward their evidence. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Jardines Bacata,* 878 F.2d at 1561; *Bonilla v. Nazario,* 843 F.2d 34, 37 (1st Cir.1988). In this connection, we have warned that a court's power to grant summary judgment *sua sponte* should be used with great circumspection. As the case before us illustrates, "[c]ourts that yearn for the blossom when only the bud is ready act at their peril; proceeding with unnecessary haste frequently results in more leisurely repentance." *Jardines Bacata,* 878 F.2d at 1560–61.

Although summary judgment is a useful shortcut leading to final adjudication on the merits in a relatively small class of cases, its proper province is to weed out claims that do not warrant trial rather than simply to clear a court's docket. To allow summary judgment, a court must find, after studying the parties' evidentiary proffers and giving the benefit of reasonable doubt to those against whom the motion is directed, that there is no genuine issue of material fact in dispute and that the motion's proponent is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). Since Rule 56 provides in part that motions for summary judgment "shall be served at least 10 days before the time fixed for the hearing," and expressly allows nonmovants to "serve opposing affidavits" at any time prior to the day of the hearing, *id.,* summary judgment targets should be secure in the knowledge that they will have at least ten days in which to formulate and prepare their best opposition to an impending motion. In our view, this notice requirement is not mere window dressing.

■ *Sua sponte* summary judgments are a special subset. There are two particular conditions precedent that attach when the subset is deployed. First, the discovery phase must be sufficiently advanced that the court can make an accurate determination of "whether a genuine issue of material fact does or does not exist," *Jardines Bacata,* 878 F.2d at 1561, and, relatedly, for the litigants to know what material evidence likely can be adduced. Second, the target "must have been on notice to bring forth all of its evidence on the essential elements of the critical claim or defense." *Id.* Proper notice affords parties opposing summary judgment the opportunity to inform the "court precisely what they intend to prove and how, before [the court] can say there are no 'genuine' and 'material' issues of fact." *Bonilla,* 843 F.2d at 37; *see generally* 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2720 at 34 (1983) (explaining why "great care must be exercised to assure that the [unsuccessful party] has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to summary judgment as a matter of law").

---

1. We express no opinion as to whether defendants should be allowed, at this late date, to file a properly authenticated motion for summary judgment in the court below. That matter—as well as the related matter of the viability of such a motion, if filed—is for the district court.

■ Waiver aside,[2] it is well settled in this circuit that all summary judgment proceedings, including those initiated by the district judge, will be held to the standards enunciated in Rule 56 itself. *See Donate–Romero v. Colorado*, 856 F.2d 384, 387 (1st Cir.1988). Given this benchmark, we think that the notice requirement for *sua sponte* summary judgment demands at the very least that the parties (1) be made aware of the court's intention to mull such an approach, and (2) be afforded the benefit of the minimum 10–day period mandated by Rule 56.

## III

■ Against this backdrop, it is painfully apparent that the case at bar comprises an especially egregious example of a court, obviously well intentioned, nonetheless unfairly sandbagging litigants. When plaintiffs appeared for trial, they had no inkling that the judge might entertain, let alone initiate, a hearing on summary judgment.[3] By like token, plaintiffs were afforded thirty minutes, rather than the minimum period of ten days allotted by Rule 56, in order to prepare for the hearing and marshal their evidence in opposition to *brevis* disposition. It is, moreover, no sufficient answer to say that plaintiffs were on notice to be prepared for trial; trial preparation is neither the same as, nor an acceptable substitute for, the special sort of preparation, *e.g.*, securing affidavits, needed to oppose a motion for summary judgment.

In addition to the flaws already discussed, the procedure employed below contained a further vice. The "motion" for summary judgment was never reduced to writing and, in point of fact, was never fully articulated either by defendants' counsel or by the district judge. It is a bedrock rule of civil litigation that a party who has exercised due diligence is entitled to be apprised of his opponent's theory of the case, and that rule has particular force in the summary judgment milieu. *See, e.g.*, D.Mass.Loc.R. 56.1 (stipulating that motions for summary judgment must "include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried," together with paginated references to deposition transcripts and other relevant documentation). The rule was flouted in this instance.

## IV

We need go no further.[4] *Sua sponte* summary judgment is a remedy which, although available, must be handled with care. In this tricky area of the law, an undue emphasis on speed is a surefire way to court reversal. So it is here: having determined that the proceedings below were undertaken too hastily and without a proper prophylaxis, we sustain the appeal.

---

2. In the summary judgment context as elsewhere, notice can be waived. *See, e.g., Osbakken v. Venable*, 931 F.2d 36, 37 (10th Cir.1991); *Morrison v. Washington County, Ala.*, 700 F.2d 678, 683 (11th Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *see also United States v. Olano*, — U.S. —, —, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) ("Deviation from a legal rule is 'error' unless the rule has been waived."). We need not explore the implications of waiver in this instance, however, as plaintiffs objected in a timely manner to the unorthodox procedure imposed by the lower court and, thus, fully preserved their rights.

3. Defendants had not previously filed any dispositive motions despite the fact that the suit had been pending for over two years.

4. We recognize that, in some jurisdictions, improper notice anent a summary judgment initiative may be considered harmless error, circumstances permitting. *See, e.g., Powell v. United States*, 849 F.2d 1576, 1582 (5th Cir.1988) (holding improper notice to be harmless where "the nonmoving party admits that he has no additional evidence anyway or ... the appellate court evaluates all of the nonmoving party's additional evidence and finds no genuine issue of material fact"). Assuming *arguendo* that we would apply the jurisprudence of harmless error in a concinnous case, the doctrine would not salvage the ruling below. Here, it is virtually impossible to say with any degree of confidence that the structural defects in the summary judgment proceeding produced an entirely benign effect. In combination, the amorphous character of the motion, the lack of notice, and the shortness of time for gathering evidentiary materials resulted in unprepared attorneys attempting hastily to summarize evidence and arguing at length with the judge about issues which may have been only tangentially relevant. Consequently, the absence of harm cannot be gleaned from the record and the judgment must be reversed.

*Reversed and remanded. Costs to appellants.*