October 31, 1995 October 31, 1995
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 95-1596

EDMUND G. STORLAZZI,

Plaintiff, Appellant,

v.

JANICE BAKEY, ET AL.,

Defendants, Appellees.



ERRATA SHEET

The opinion of this court issued on October 24, 1995, is

amended by replacing the cover sheet with the attached.

[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT


No. 95-1596
EDMUND G. STORLAZZI,

Plaintiff, Appellant,

v.

JANICE BAKEY, ET AL.,

Defendants, Appellees.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge] 


Before

Boudin, Circuit Judge, 
Bownes, Senior Circuit Judge, 
and Keeton, *District Judge. 



Matthew Cobb, with whom The Law Office of Matthew Cobb was on 
brief for appellant. Harold Robertson, with whom Harmon & Robertson 
were on brief for appellant.
Rodney E. Gould, with whom Craig S. Harwood, and Rubin, Hay & 
Gould, P.A., were on brief for Arlington School Committee and School 
Administration, defendants-appellees.
Paul F. Kelley, with whom Donald J. Siegel, and Segal, Roitman & 
Coleman, were on brief for Massachusetts Teachers Association and 
Arlington Education Association, appellees.
Americo A. Salini, Jr., on brief for Virginia Fuller, et al., the 
individual named members of the Arlington Education Association and
Arlington Education Association, defendants-appellees.





*Of the District of Massachusetts, sitting by designation.

October 24, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT


No. 95-1596
EDMUND G. STORLAZZI,

Plaintiff, Appellant,

v.

JANICE BAKEY, ET AL.,

Defendants, Appellees.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge] 


Before

Boudin, Circuit Judge, 
Bownes, Senior Circuit Judge, 
and Keeton, *District Judge. 



Matthew Cobb, with whom The Law Office of Matthew Cobb was on 
brief for appellant. Harold Robertson, with whom Harmon & Robertson 
were on brief for appellant.
Rodney E. Gould, with whom Craig S. Harwood, and Rubin, Hay & 
Gould, P.A., were on brief for Arlington School Committee and School 
Administration, defendants-appellees.
Paul F. Kelley, with whom Donald J. Siegel, and Segal, Roitman & 
Coleman, were on brief for Massachusetts Teachers Association and 
Arlington Education Association, appellees.
Americo A. Salini, Jr., on brief for Virginia Fuller, et al., the 
individual named members of the Arlington Education Association and
Arlington Education Association, defendants-appellees.






*Of the District of Massachusetts, sitting by designation.

BOWNES, Senior Circuit Judge. Plaintiff-appellant, Edmund G. BOWNES, Senior Circuit Judge. 
Storlazzi, was a high school teacher in the Arlington, Massachusetts,
school system. He appeals from summary judgment for three sets of
defendants in three cases, which were consolidated for trial. The
first case, filed on June 15, 1989, (Storlazzi I) named as defendants 
past and present members of the Arlington School Committee, past and
present administrators of Arlington High School, and past and present
members of Arlington Education Association. The complaint in this
case alleged the following: a violation of 42 U.S.C. 1983 because
plaintiff was deprived of his First Amendment right to freedom of
speech; breach of the collective bargaining agreement by the School
Committee; breach of a 1982 settlement agreement by the School
Committee; breach of the duty of fair representation by the Arlington
Education Association; defamation and intentional infliction of
emotional distress.
The second action, which was filed on March 19, 1993, after
plaintiff's motion to amend the first complaint was denied without
prejudice, alleged: that plaintiff's employment was terminated
because he exercised his First Amendment right to freedom of speech; a
due process violation for failing to provide notice and a pre-
termination hearing; violation of his rights under the Massachusetts
Civil Rights Act; intentional interference with his teaching contract;
and intentional infliction of emotional distress. The defendants in
Storlazzi II were named members of the School Committee, the High 
School Administration, and the Union (Arlington Education
Association).
Plaintiff filed his third action on May 12, 1993, against the
School Committee, the Union and the Massachusetts Teachers'
Association. The complaint alleged: the School Committee failed to
train the School Administration officials so as to prevent retaliatory
action; breach of the Collective Bargaining Agreement by the School
Committee; breach of the duty of fair representation by the Union and
the Massachusetts Teachers' Association (state teachers' union); and
violation of the Massachusetts Civil Rights Act.
Plaintiff forwards three issues: that the cases were improperly
consolidated; that the summary judgment was improper because of
procedural defects; and there was no substantive basis for the summary
judgment. After carefully examining the record, we affirm the
judgment of the district court.
Consolidation Consolidation 
We start with Fed. R. Civ. P. 42(a):
(a) Consolidation. When actions involving a common (a) Consolidation. 
question of law or fact are pending before the court, it may
order a joint hearing or trial of any or all the matters in
issue in the actions; it may order all the actions
consolidated; and it may make such orders concerning
proceedings therein as may tend to avoid unnecessary costs or
delay.

There can be little doubt that the three consolidated cases fall

within the plain language of the Rule. They involve common questions

of law and fact. And the plaintiff has crisscrossed the defendants in

the three suits. We note that in the first hearing before the

district judge who took over the cases, counsel for the plaintiff in

Storlazzi I agreed with the court at least twice that the three cases 

should be tried together.* Our standard of review on this issue is

abuse of discretion. See 9 Charles A. Wright and Arthur R. Miller, 

Federal Practice and Procedure 2383 (1995). As we pointed out in 

Seguro de Servicio de Salud v. McAuto Sys., 878 F.2d 5, 8 (1st Cir. 

1989), "[a] motion for consolidation will usually be granted unless

the party opposing it can show 'demonstrable prejudice.'" (citation

omitted). There has been no prejudice shown here. These were

paradigm cases for consolidation.

Summary Judgment - Procedure Summary Judgment - Procedure 

Plaintiff objects to the grant of summary judgment on three

procedural grounds: that no motion had been made by defendants for

summary judgment; that no notice had been given by the district court

that summary judgment was in the offing; and that plaintiff had no

opportunity for discovery prior to the grant of summary judgment.

These claims require a careful examination of the record. At the

first conference with counsel on May 12, 1994, the court set June 2,

1994 as the date for a hearing on summary judgment as to Storlazzi I. 

The court also advised counsel that on the same day it would hear

 

*Counsel in Storlazzi I told the court that he did not represent the 
plaintiff on the other two cases. Counsel in those cases was not
present at the hearing.

defendants' motions to dismiss Storlazzi II and III. 

At the hearing on June 2, the two counsel for the plaintiff were

present. Attorney Cobb, who represented the plaintiff in Storlazzi II 

and III did most of the arguing for the plaintiff. He first stated

that there was no discovery in cases II and III. The court responded

by pointing out that in connection with Storlazzi I depositions of all 

the defendants had been taken and that their depositions included

questions about plaintiff's discharge. She then asked, "What's left

to do?" Attorney Cobb gave a vague general answer invoking

"Monell."** He never, however, told the court what additional 

depositions, if any, he intended to take, or what affidavits, if any,

he intended to file. In short, plaintiff's counsel did not answer the

court's question as to what further discovery he intended to

undertake. In light of the fact that Storlazzi II and III had been in 

gestation for more than a year prior to this hearing, we conclude that

plaintiff's claim that he had been deprived of discovery in these

cases has no merit.

We next consider the claim that plaintiff did not receive proper

notice that the court was considering summary judgment. It is true

that defendants did not formally move for summary judgment. They did,

however, file motions to dismiss accompanied by deposition references

and affidavits. This automatically triggered summary judgment under

Fed. R. Civ. P. 12 (c) which provides:

(c) Motion for Judgment on the Pleadings. After the (c) Motion for Judgment on the Pleadings.
pleadings are closed but within such time as not to delay the
 

**Monell v. Dep't of Social Serv., 436 U.S. 658 (1978). 

trial, any party may move for judgment on the pleadings. If,
on a motion for judgment on the pleadings, matters outside
the pleadings are presented to and not excluded by the court,
the motion shall be treated as one for summary judgment and
disposed of as provided in Rule 56, and all parties shall be
given reasonable opportunity to present all material made
pertinent to such a motion by Rule 56.

We assume that one who brings an action in federal court is familiar

with the Federal Rules of Civil Procedure.

The plain language of Rule 12(b)(6) that materials outside
the pleading may be considered if not excluded by the court
put plaintiff on notice that the motion might be converted
into one for summary judgment.

Moody v. Town of Weymouth, 805 F.2d 30, 31 (1st Cir. 1986). 

Our observation in Chaparro-Febus v. Local 1575, 983 F.2d 325, 

332 (1st Cir. 1992) applies to the situation here:

In the present case, plaintiffs had almost a year between
the filing of the motion to dismiss and the court's treatment
of that motion as one for summary judgment. Moreover, over a
year had elapsed since plaintiffs initially filed their
complaint. Summary judgment did not "follow[] hard on the
heels of the complaint or answer." (citation omitted).

Moreover, the transcript of the June 2, 1994, hearing shows that

the district court was thinking in terms of summary judgment

disposition. Most of the hearing was devoted to the judge's

explanation to plaintiff's counsel of why the pleadings alone did not

suffice to make out a case. A few examples make clear the message the

judge was sending.

First, I am obliged on summary judgment to look to the
pleadings, the affidavits that have been filed, the
depositions, answers to interrogatories, et cetera. And what
I see in this case -- correct me if I am wrong -- is the
plaintiff has pled a host of things, a host of accusations,
in his initial complaint. The defendants have come back with
affidavits and depositions attached. And with respect to a
number of those accusations, there's silence on the
plaintiff's side.

And the law is that the allegation in the complaint is not
established where there is an affidavit to it. In other
words, the plaintiff says in his complaint that he objected
to the way students were given credit for taking courses,
that, in particular, in the case of one student whose name is
Sunshine Renews, he objected to the way the grade was entered
in her case. The defendants, through their depositions and
through the affidavits, say, "Here's the explanation for why
we interposed a grade like that." And then his answer is, "I
disagree."

Well, with respect to that kind of an accusation, it seems
to me the plaintiff hasn't met his burden. That's not a
sufficient response. 



Then I tried to discern from what was protected whether
there was a causal -- when the plaintiff made out his case,
that there was a causal connection between what he said and
what was done to him. And one way of establishing causal
connection is by showing, "I did this at Time One, and then
they retaliated at Time Two."

With respect to a whole host of Mr. Storlazzi's
accusations, I cannot fix the time at all from his papers. I
can't determine that he complained about X on this date and
then something followed. That's -- although coincidence of
timing is not dispositive on the issue of causation, it's
very helpful. Many of the things he has alleged have no date
to them at all.

With respect to those things which he says he was
retaliated about, the defendants answer and point to either a
rational basis for doing what they did or suggest that there
was no difference between his treatment and others. Singling
someone out for special treatment is one piece of evidence of
retaliation. And, as I have said before, I can't in each of
these cases come up with an example in which the plaintiff
says -- the plaintiff rebuts that presentation.

So you need, with respect to each of these accusations, to
say -- to prove in some fashion, more than just a conclusion,
that, in fact, he was singled out in some way different from
all the other players who had administrative actions
performed against them, or that there wasn't a rational
basis.



So with respect to all of the administrative decisions,

all the administrative actions here about transferring
students, about locking student lavatories, about
administering final exams, and my understanding is
preliminary of this case, is that, if they can provide a
rational basis for having taken the positions that they did,
then that would be sufficient, and the plaintiff has to
respond.



After the court briefly discussed the Mt. Healthy*** 

requirements, counsel for the plaintiff pointed out that Mt. Healthy 

was decided on the merits, not on a summary judgment basis. The court

responded as follows:

But summary judgment predicts what a jury is going to do. So
that I am supposed to take the inferences all in favor of the
plaintiff, and looking at the documents I have described, I
am supposed to predict whether or not a reasonable jury could
find a prima facie case, a reasonable jury could find that 
the defendants have met their burden.

So I am using Mount Healthy simply because it describes
the various burdens which are part of what I have to consider
on summary judgment as well.

The court gave plaintiffs' attorneys a week in which to organize

the pleadings, setting forth chronologically the order of events. The

court pointed out that "one way of proving causal connection is a

temporal one." The court stated explicitly that it wanted this "in

terms of evaluating summary judgment." 

Clearly this was not the type of sua sponte summary judgment by 

the district court that we condemned in Stella v. Town of Tewksbury, 

Mass., 4 F.3d 53 (1st Cir. 1993) (Both parties prepared to start jury 

trial and were surveying prospective jurors when visiting judge, new

to case, ordered defendants to move for summary judgment. Plaintiffs
 

***Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977). 

objected without avail. Three days later judge issued summary

judgment for defendants.).

Summary Judgment - Substantive Summary Judgment - Substantive 

We adopt the district court's extensive findings and rulings in

its substantive summary judgment holding.**** We, therefore, will

not regurgitate the district court's opinion. We think it

appropriate, however, to make a few general remarks. First, the

plaintiff relied entirely on his pleadings to make out a prima facie 

case. He did not respond directly to the asseverations supported by

affidavits and references to filed depositions made by defendants.

The law governing such a posture is clear.

In our view, the plain language of Rule 56(c) mandates the
entry of summary judgment, after adequate time for discovery
and upon motion, against a party who fails to make a showing
sufficient to establish the existence of an element essential
to that party's case, and on which that party will bear the
burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). 

In Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991), we 

held that the nonmovant in the summary judgment context may not rest

upon "mere allegations . . . but must produce evidence which would be

admissible at trial to make out the requisite issue of material fact."

This, plaintiff has utterly failed to do.

The observations made in Kaufman v. Puerto Rico Tel. Co., 841 

F.2d 1169, 1172-73 n.5 (1st Cir. 1988), are germane here:

5. The plaintiffs argue that the sworn statements in their
complaint and affidavits constitute sufficient grounds to
 

****The district court opinion is cited as Storlazzi v. Bakey, 894 F. 
Supp. 494 (D. Mass 1995).

generate a factual dispute concerning the defendants'
political motivations because they provide the groundwork for
proof of that motivation by circumstantial evidence. We
recognize that a prima facie case of political discrimination 
can be built on circumstantial evidence of constitutionally
suspect motivations for employee dismissals. See, e.g., 
Kercado-Melendez v. Aponte-Rogue, 829 F.2d at 264. In 
calling for more specific factual allegations to support the
plaintiffs' claim under the Celotex/Anderson standard, 
however, we do not reject the plaintiffs' contention.
Rather, for any substantive claim, whether built upon
circumstantial or direct evidence, the party against whom
summary judgment is sought must generate the specific facts
necessary to take the asserted claim out of the realm of
speculative, general allegations. The plaintiffs have failed
to do that in this case.

During the June 2 hearing there was discussion between the court

and plaintiff's counsel which could be interpreted to mean that the

temporal proximity of occurrences might be sufficient to establish

causation. This would appear to run counter to the rule in this

circuit. In Kaufman we held that the dismissal of members of one 

political party immediately after the opposition party took office was

insufficient under Celotex and Anderson v. Liberty Lobby, Inc., 477 

U.S. 242 (1986), to generate a genuine issue of material fact.

Kaufman, 841 F.2d at 1172. We held to the same effect in Aviles- 

Martinez v. Monroig, 963 F.2d 2, 5 (1st Cir. 1992). See also Acevedo- 

Diaz v. Aponte, 1 F.3d 62, 69 (1st Cir. 1993). 

The judgment of the district court is affirmed. Costs awarded to The judgment of the district court is affirmed. Costs awarded to 

appellees. appellees.