USCA1 Opinion

 

 October 31, 1995 October 31, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________ No. 95-1596 EDMUND G. STORLAZZI, Plaintiff, Appellant, v. JANICE BAKEY, ET AL., Defendants, Appellees. ____________ ERRATA SHEET The opinion of this court issued on October 24, 1995, is amended by replacing the cover sheet with the attached. [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1596 EDMUND G. STORLAZZI, Plaintiff, Appellant, v. JANICE BAKEY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Keeton, *District Judge. ______________ ____________________ Matthew Cobb, with whom The Law Office of Matthew Cobb was on ____________ _________________________________ brief for appellant. Harold Robertson, with whom Harmon & Robertson ________________ ___________________ were on brief for appellant. Rodney E. Gould, with whom Craig S. Harwood, and Rubin, Hay & ________________ _________________ _____________ Gould, P.A., were on brief for Arlington School Committee and School ___________ Administration, defendants-appellees. Paul F. Kelley, with whom Donald J. Siegel, and Segal, Roitman & ______________ ________________ _________________ Coleman, were on brief for Massachusetts Teachers Association and _______ Arlington Education Association, appellees. Americo A. Salini, Jr., on brief for Virginia Fuller, et al., the ______________________ individual named members of the Arlington Education Association and Arlington Education Association, defendants-appellees. ____________________ ____________________ _______________ *Of the District of Massachusetts, sitting by designation. October 24, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1596 EDMUND G. STORLAZZI, Plaintiff, Appellant, v. JANICE BAKEY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Keeton, *District Judge. ______________ ____________________ Matthew Cobb, with whom The Law Office of Matthew Cobb was on ____________ _________________________________ brief for appellant. Harold Robertson, with whom Harmon & Robertson ________________ ___________________ were on brief for appellant. Rodney E. Gould, with whom Craig S. Harwood, and Rubin, Hay & ________________ _________________ _____________ Gould, P.A., were on brief for Arlington School Committee and School ___________ Administration, defendants-appellees. Paul F. Kelley, with whom Donald J. Siegel, and Segal, Roitman & ______________ ________________ _________________ Coleman, were on brief for Massachusetts Teachers Association and _______ Arlington Education Association, appellees. Americo A. Salini, Jr., on brief for Virginia Fuller, et al., the ______________________ individual named members of the Arlington Education Association and Arlington Education Association, defendants-appellees. ____________________ ____________________ _______________ *Of the District of Massachusetts, sitting by designation. BOWNES, Senior Circuit Judge. Plaintiff-appellant, Edmund G. BOWNES, Senior Circuit Judge. _____________________ Storlazzi, was a high school teacher in the Arlington, Massachusetts, school system. He appeals from summary judgment for three sets of defendants in three cases, which were consolidated for trial. The first case, filed on June 15, 1989, (Storlazzi I) named as defendants _________ past and present members of the Arlington School Committee, past and present administrators of Arlington High School, and past and present members of Arlington Education Association. The complaint in this case alleged the following: a violation of 42 U.S.C. 1983 because plaintiff was deprived of his First Amendment right to freedom of speech; breach of the collective bargaining agreement by the School Committee; breach of a 1982 settlement agreement by the School Committee; breach of the duty of fair representation by the Arlington Education Association; defamation and intentional infliction of emotional distress. The second action, which was filed on March 19, 1993, after plaintiff's motion to amend the first complaint was denied without prejudice, alleged: that plaintiff's employment was terminated because he exercised his First Amendment right to freedom of speech; a due process violation for failing to provide notice and a pre- termination hearing; violation of his rights under the Massachusetts Civil Rights Act; intentional interference with his teaching contract; and intentional infliction of emotional distress. The defendants in Storlazzi II were named members of the School Committee, the High _________ School Administration, and the Union (Arlington Education Association). Plaintiff filed his third action on May 12, 1993, against the School Committee, the Union and the Massachusetts Teachers' Association. The complaint alleged: the School Committee failed to train the School Administration officials so as to prevent retaliatory action; breach of the Collective Bargaining Agreement by the School Committee; breach of the duty of fair representation by the Union and the Massachusetts Teachers' Association (state teachers' union); and violation of the Massachusetts Civil Rights Act. Plaintiff forwards three issues: that the cases were improperly consolidated; that the summary judgment was improper because of procedural defects; and there was no substantive basis for the summary judgment. After carefully examining the record, we affirm the judgment of the district court. Consolidation Consolidation _____________ We start with Fed. R. Civ. P. 42(a): (a) Consolidation. When actions involving a common (a) Consolidation.  question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. There can be little doubt that the three consolidated cases fall within the plain language of the Rule. They involve common questions of law and fact. And the plaintiff has crisscrossed the defendants in the three suits. We note that in the first hearing before the district judge who took over the cases, counsel for the plaintiff in Storlazzi I agreed with the court at least twice that the three cases _________ should be tried together.* Our standard of review on this issue is abuse of discretion. See 9 Charles A. Wright and Arthur R. Miller, ___ Federal Practice and Procedure 2383 (1995). As we pointed out in _______________________________ Seguro de Servicio de Salud v. McAuto Sys., 878 F.2d 5, 8 (1st Cir. ___________________________________________ 1989), "[a] motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" (citation omitted). There has been no prejudice shown here. These were paradigm cases for consolidation. Summary Judgment - Procedure Summary Judgment - Procedure ____________________________ Plaintiff objects to the grant of summary judgment on three procedural grounds: that no motion had been made by defendants for summary judgment; that no notice had been given by the district court that summary judgment was in the offing; and that plaintiff had no opportunity for discovery prior to the grant of summary judgment. These claims require a careful examination of the record. At the first conference with counsel on May 12, 1994, the court set June 2, 1994 as the date for a hearing on summary judgment as to Storlazzi I. _________ The court also advised counsel that on the same day it would hear  ____________________ *Counsel in Storlazzi I told the court that he did not represent the _________ plaintiff on the other two cases. Counsel in those cases was not present at the hearing. defendants' motions to dismiss Storlazzi II and III. _________ At the hearing on June 2, the two counsel for the plaintiff were present. Attorney Cobb, who represented the plaintiff in Storlazzi II _________ and III did most of the arguing for the plaintiff. He first stated that there was no discovery in cases II and III. The court responded by pointing out that in connection with Storlazzi I depositions of all _________ the defendants had been taken and that their depositions included questions about plaintiff's discharge. She then asked, "What's left to do?" Attorney Cobb gave a vague general answer invoking "Monell."** He never, however, told the court what additional ______ depositions, if any, he intended to take, or what affidavits, if any, he intended to file. In short, plaintiff's counsel did not answer the court's question as to what further discovery he intended to undertake. In light of the fact that Storlazzi II and III had been in _________ gestation for more than a year prior to this hearing, we conclude that plaintiff's claim that he had been deprived of discovery in these cases has no merit. We next consider the claim that plaintiff did not receive proper notice that the court was considering summary judgment. It is true that defendants did not formally move for summary judgment. They did, however, file motions to dismiss accompanied by deposition references and affidavits. This automatically triggered summary judgment under Fed. R. Civ. P. 12 (c) which provides: (c) Motion for Judgment on the Pleadings. After the (c) Motion for Judgment on the Pleadings. pleadings are closed but within such time as not to delay the  ____________________ **Monell v. Dep't of Social Serv., 436 U.S. 658 (1978). _______________________________ trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. We assume that one who brings an action in federal court is familiar with the Federal Rules of Civil Procedure. The plain language of Rule 12(b)(6) that materials outside the pleading may be considered if not excluded by the court put plaintiff on notice that the motion might be converted into one for summary judgment. Moody v. Town of Weymouth, 805 F.2d 30, 31 (1st Cir. 1986). _________________________ Our observation in Chaparro-Febus v. Local 1575, 983 F.2d 325, _____________________________ 332 (1st Cir. 1992) applies to the situation here: In the present case, plaintiffs had almost a year between the filing of the motion to dismiss and the court's treatment of that motion as one for summary judgment. Moreover, over a year had elapsed since plaintiffs initially filed their complaint. Summary judgment did not "follow[] hard on the heels of the complaint or answer." (citation omitted). Moreover, the transcript of the June 2, 1994, hearing shows that the district court was thinking in terms of summary judgment disposition. Most of the hearing was devoted to the judge's explanation to plaintiff's counsel of why the pleadings alone did not suffice to make out a case. A few examples make clear the message the judge was sending. First, I am obliged on summary judgment to look to the pleadings, the affidavits that have been filed, the depositions, answers to interrogatories, et cetera. And what I see in this case -- correct me if I am wrong -- is the plaintiff has pled a host of things, a host of accusations, in his initial complaint. The defendants have come back with affidavits and depositions attached. And with respect to a number of those accusations, there's silence on the plaintiff's side. And the law is that the allegation in the complaint is not established where there is an affidavit to it. In other words, the plaintiff says in his complaint that he objected to the way students were given credit for taking courses, that, in particular, in the case of one student whose name is Sunshine Renews, he objected to the way the grade was entered in her case. The defendants, through their depositions and through the affidavits, say, "Here's the explanation for why we interposed a grade like that." And then his answer is, "I disagree." Well, with respect to that kind of an accusation, it seems to me the plaintiff hasn't met his burden. That's not a sufficient response.  __________ Then I tried to discern from what was protected whether there was a causal -- when the plaintiff made out his case, that there was a causal connection between what he said and what was done to him. And one way of establishing causal connection is by showing, "I did this at Time One, and then they retaliated at Time Two." With respect to a whole host of Mr. Storlazzi's accusations, I cannot fix the time at all from his papers. I can't determine that he complained about X on this date and then something followed. That's -- although coincidence of timing is not dispositive on the issue of causation, it's very helpful. Many of the things he has alleged have no date to them at all. With respect to those things which he says he was retaliated about, the defendants answer and point to either a rational basis for doing what they did or suggest that there was no difference between his treatment and others. Singling someone out for special treatment is one piece of evidence of retaliation. And, as I have said before, I can't in each of these cases come up with an example in which the plaintiff says -- the plaintiff rebuts that presentation. So you need, with respect to each of these accusations, to say -- to prove in some fashion, more than just a conclusion, that, in fact, he was singled out in some way different from all the other players who had administrative actions performed against them, or that there wasn't a rational basis. __________ So with respect to all of the administrative decisions, all the administrative actions here about transferring students, about locking student lavatories, about administering final exams, and my understanding is preliminary of this case, is that, if they can provide a rational basis for having taken the positions that they did, then that would be sufficient, and the plaintiff has to respond. __________ After the court briefly discussed the Mt. Healthy*** _____________ requirements, counsel for the plaintiff pointed out that Mt. Healthy ___________ was decided on the merits, not on a summary judgment basis. The court responded as follows: But summary judgment predicts what a jury is going to do. So that I am supposed to take the inferences all in favor of the plaintiff, and looking at the documents I have described, I am supposed to predict whether or not a reasonable jury could find a prima facie case, a reasonable jury could find that _____ _____ the defendants have met their burden. So I am using Mount Healthy simply because it describes the various burdens which are part of what I have to consider on summary judgment as well. The court gave plaintiffs' attorneys a week in which to organize the pleadings, setting forth chronologically the order of events. The court pointed out that "one way of proving causal connection is a temporal one." The court stated explicitly that it wanted this "in terms of evaluating summary judgment."  Clearly this was not the type of sua sponte summary judgment by ___ ______ the district court that we condemned in Stella v. Town of Tewksbury, _____________________________ Mass., 4 F.3d 53 (1st Cir. 1993) (Both parties prepared to start jury _____ trial and were surveying prospective jurors when visiting judge, new to case, ordered defendants to move for summary judgment. Plaintiffs  ____________________ ***Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977). ____________________________________________ objected without avail. Three days later judge issued summary judgment for defendants.). Summary Judgment - Substantive Summary Judgment - Substantive ______________________________ We adopt the district court's extensive findings and rulings in its substantive summary judgment holding.**** We, therefore, will not regurgitate the district court's opinion. We think it appropriate, however, to make a few general remarks. First, the plaintiff relied entirely on his pleadings to make out a prima facie _____ _____ case. He did not respond directly to the asseverations supported by affidavits and references to filed depositions made by defendants. The law governing such a posture is clear. In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). ________________________ In Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991), we _______________________ held that the nonmovant in the summary judgment context may not rest upon "mere allegations . . . but must produce evidence which would be admissible at trial to make out the requisite issue of material fact." This, plaintiff has utterly failed to do. The observations made in Kaufman v. Puerto Rico Tel. Co., 841 _________________________________ F.2d 1169, 1172-73 n.5 (1st Cir. 1988), are germane here: 5. The plaintiffs argue that the sworn statements in their complaint and affidavits constitute sufficient grounds to  ____________________ ****The district court opinion is cited as Storlazzi v. Bakey, 894 F. __________________ Supp. 494 (D. Mass 1995). generate a factual dispute concerning the defendants' political motivations because they provide the groundwork for proof of that motivation by circumstantial evidence. We recognize that a prima facie case of political discrimination ___________ can be built on circumstantial evidence of constitutionally suspect motivations for employee dismissals. See, e.g., ___________ Kercado-Melendez v. Aponte-Rogue, 829 F.2d at 264. In ___________________________________ calling for more specific factual allegations to support the plaintiffs' claim under the Celotex/Anderson standard, ________________ however, we do not reject the plaintiffs' contention. Rather, for any substantive claim, whether built upon circumstantial or direct evidence, the party against whom summary judgment is sought must generate the specific facts necessary to take the asserted claim out of the realm of speculative, general allegations. The plaintiffs have failed to do that in this case. During the June 2 hearing there was discussion between the court and plaintiff's counsel which could be interpreted to mean that the temporal proximity of occurrences might be sufficient to establish causation. This would appear to run counter to the rule in this circuit. In Kaufman we held that the dismissal of members of one _______ political party immediately after the opposition party took office was insufficient under Celotex and Anderson v. Liberty Lobby, Inc., 477 _______ ________________________________ U.S. 242 (1986), to generate a genuine issue of material fact. Kaufman, 841 F.2d at 1172. We held to the same effect in Aviles- _______ _______ Martinez v. Monroig, 963 F.2d 2, 5 (1st Cir. 1992). See also Acevedo- ___________________ ___ ____ ________ Diaz v. Aponte, 1 F.3d 62, 69 (1st Cir. 1993). ______________ The judgment of the district court is affirmed. Costs awarded to The judgment of the district court is affirmed. Costs awarded to __________________________________________________________________ appellees. appellees. __________