**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-30999
Summary Calendar

PAUL CARTER,

Plaintiff - Appellant,

VERSUS

FARMERS RICE MILLING COMPANY, INC.,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Louisiana, Lake Charles

(00-CV-2215)

February 28, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

Paul Carter sued his employer, Farmers Rice Milling Company, Inc. (FRMC), alleging that FRMC failed to promote him because he is African American and suspended him without pay for filing a claim with the Equal Employment Opportunity Commission. On FRMC's motion

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

for summary judgment, the district court dismissed Mr. Carter's claims. The court found that although Mr. Carter made prima facie cases of racial discrimination and retaliation, he failed to show that FRMC's nondiscriminatory reasons for its actions were pretextual. We affirm.

## I.

Carter began working for FRMC in 1988. He initially worked as an operator in FRMC's Rough Rice Department. He resigned his position on July 17, 1993 but was rehired on October 31, 1994. In 1997 he was promoted to the position of Operator I/Quality Control Relief Technician in the Rough Rice Department. In October of 1998, Carter applied for a promotion to the position of Quality Control Technician in the Milled Rice Department. Carter did not get the promotion; rather, FRMC awarded the position to Michael Fontenot, a white male who was previously employed as an operator in the Milled Rice Department. Believing that FRMC passed him for the promotion because he is African American, Carter filed a complaint with the EEOC in January 1999.

On April 27, 1999, FRMC suspended Carter for two weeks without pay. Carter alleges that his suspension was in retaliation for filing a claim with the EEOC; FRMC argues that it suspended him for leaving work before completing his work assignment and before his scheduled shift had ended. In June 2000, the EEOC issued Carter a "no cause" determination and a "Notice of Right to Sue."

2

Carter sued FRMC in a Louisiana state court on September 27, 2000, claiming that FRMC had discriminated against him in violation of Louisiana's Employment Discrimination Laws, La. Rev. Stat. Ann. § 23:301, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Carter also alleged that FRMC retaliated against him for asserting allegations of discrimination in violation of La. Rev. Stat. Ann. § 51:2256(1), and 42 U.S.C. § 2000e-3(a). FRMC removed the case to the Western District of Louisiana and filed a motion for summary judgment. The district court denied FRMC's motion with respect to Carter's discrimination claims, but granted the motion with respect to Carter's § 1981 claims. FRMC then filed a motion for reconsideration of summary judgment. In its second summary judgment ruling, the district court granted summary judgment to FRMC on all claims. Although Carter filed this suit with the assistance of counsel, his attorney has since withdrawn as counsel of record and Carter is proceeding pro se.

Carter argues on appeal that we should reverse the district court's summary judgment ruling because FRMC's motion to reconsider summary judgment was not timely filed. Although it is difficult to decipher Carter's second argument, he also seems to suggest that the district court erred in dismissing his discrimination claims because FRMC's "legitimate explanations" for not promoting him and suspending him without pay were mere pretext.

## II.

We review a district court's grant of summary judgment de novo. <u>Chaney v. New Orleans Pub. Facility Mgmt., Inc.</u>, 179 F.3d 164, 167 (5th Cir. 1999); <u>Grimes v. Texas Dep't of Mental Health & Mental Retardation</u>, 102 F.3d 137, 139 (5th Cir. 1996). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." <u>Grimes</u>, 102 F.3d at 139 (citing Fed. R. Civ. P. 56(c)). In employment discrimination cases, the question is whether a genuine issue of fact exists as to whether the defendant intentionally discriminated against the plaintiff. <u>Id.</u> Unsubstantiated assertions are not competent summary judgment evidence. <u>Chaney</u>, 179 F.3d at 167; <u>Grimes</u>, 102 F.3d at 139.

## III.

Carter argues that FRMC's motion to reconsider summary judgment should be treated as a Rule 59 motion to amend a judgment and must therefore be filed no later than ten days after the denial of summary judgment. The district court entered its first summary judgment ruling on April 5, 2001. On April 18, 2001, FRMC filed a motion for the court to reconsider its previous motion for summary judgment. Since FRMC filed its motion to reconsider thirteen days after the district court entered its first summary judgment ruling, Carter argues that the motion was not timely filed and therefore should have been denied. That simply is not the law. We have held

4

on several occasions that "a denial of summary judgment is an interlocutory order, which the court may reconsider and reverse at any time before entering final judgment." Millar v. Houghton, 115 F.3d 348, 350 (5th Cir. 1997); McKethan v. Texas Farm Bureau, 996 F.2d 734, 738 n.6 (5th Cir. 1993); accord Lavespere v. Niagra Machine & Tool Works, 910 F.2d 167, 184-85 (5th Cir. 1990); Trustees of Sabine Area Carpenter's Health & Welfare Fund v. Don Lightfoot Home Builder, Inc., 704 F.2d 822, 828 (5th Cir. 1983). Since the district court issued its second summary judgment ruling before entering a final judgment in this case, the court was free to vacate its previous ruling and submit a revised judgment.

## IV.

Title VII prohibits employers from discriminating against employees on the basis of race. 42 U.S.C. § 2000e-2(a)(1). To defeat a motion for summary judgment, a Title VII plaintiff must initially make a prima facie case of discrimination. A plaintiff makes a prima facie case of promotion discrimination by showing that: (1) he is a member of a protected class; (2) he applied for a promotion to an available position for which he was qualified; (3) he did not received the requested promotion; and (4) the employer filled the position with an individual outside the protected class. See EEOC v. Exxon Shipping Co., 745 F.2d 967, 972 n.3 (5th Cir. 1984).

By establishing a prima facie case for discrimination, a plaintiff raises a presumption of discrimination, "which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions." Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999). The defendant meets this burden "by presenting evidence that, 'if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.'" Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993)). If the defendant presents sufficient evidence of nondiscriminatory reasons, the plaintiff must demonstrate by a preponderance of the evidence that the defendant's reasons are not "'true reasons, but were a pretext for discrimination.'" See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

Assuming *arguendo* that Carter established a prima facie case of promotion discrimination, he did not show that FRMC's nondiscriminatory reasons for denying him the promotion were a pretext for discrimination. Unlike Michael Fontenot, Mr. Carter had no prior experience in the Milled Rice Department. Whereas Carter had worked exclusively in the Rough Rice Department, Fontenot was working in the Milled Rice Department at the time of his promotion. FRMC's decision to give Fontenot the promotion to

Quality Control Technician in the Milled Rice Department was consistent with FRMC's documented policy of promoting employees from within the same department whenever possible.

## V.

Title VII also prohibits an employer from discriminating "against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e3(a).  A plaintiff makes a prima facie case of discriminatory retaliation by showing that: (1) he engaged in conduct protected under Title VII; (2) his employer thereafter subjected him to an adverse employment action; and (3) the adverse employment action was motivated by animus inspired by the protected conduct.  Chaney, 179 F.3d at 167.  "If the plaintiff makes a prima facie case, the burden shifts to the employer to provide a legitimate, nonretaliatory reason for the adverse employment action.  Should the employer provide a permissible rationale, the plaintiff then shoulders the ultimate burden of proving that the employer's proffered rationale was pretextual and that engaging in the protected activity was the but-for cause of the adverse employment action."  Id.  To defeat summary judgment, Carter must produce "substantial probative evidence" that the real reason for his discharge was his filing of a complaint with the EEOC.  Chaffin v. Carter, 179 F.3d 316, 320 (5th Cir. 1999).

7

Assuming *arguendo* that Carter established a prima facie case of discriminatory retaliation, he did not show that FRMC's nondiscriminatory reasons for suspending him without pay were a pretext for retaliation. FRMC's records and affidavits establish that Carter left work without asking his supervisor's permission and before completing his assigned task. Under FRMC's standard disciplinary policy, this sort of insubordination would warrant termination, but FRMC instead chose the more lenient penalty of two weeks unpaid suspension. "In a case in which the employer has articulated a rational justification for terminating an employee, and the facts supporting that justification are not seriously disputed, the task of proving pretext becomes quite difficult." Id. at 168 (citing Elliot v. Group Med. & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983)). Without explanation, Carter argues that FRMC's insubordination argument was a pretext for retaliation because Fontenot was promoted despite having a sexual harassment complaint in his employee file. We see no reason why the fact that Fontenot had a sexual harassment record is probative evidence that FRMC retaliated against Carter for filing a complaint with the EEOC.

## VI.

Carter does not challenge the district court's ruling that his § 1981 claims were prescribed. Those claims, and all other claims not briefed on appeal, are therefore waived. Johnson v. Sawyer,

8

120 F.3d 1307,1315-16 (5th Cir. 1997).

## VII.

Carter's argument that FRMC's motion to reconsider summary judgment was untimely has no basis in the law. Denials of summary judgment are interlocutory orders and are amendable any time before final judgment. Carter also has not demonstrated that FRMC's nondiscriminatory reasons for denying him the promotion and suspending him without pay were pretexts for discrimination. Because he has not carried his evidentiary burden, summary judgment was warranted. The district court's order dated June 12, 2001 is AFFIRMED.