# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

MIRZA M. BAIG,

      Plaintiff – Appellant

v.

ROBERT A. MCDONALD, Secretary of Veterans Affairs

      Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1132

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Mirza Baig appeals the district court's adverse morning-of-trial summary judgment decision in his employment discrimination suit against the VA. The record is somewhat confusing, but we agree with the court's conclusion and AFFIRM.

Baig's amended complaint in federal court listed five claims: Title VII racial/national origin discrimination; religious discrimination; age

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination; and retaliation for opposing discrimination. Although he repeatedly referred to alleged retaliation and harassment at work, based on the fact that he was the only Indian and a Muslim in his office, he did not allege a "hostile environment" claim based on unwelcome treatment so severe and pervasive that it affected a term or condition of his employment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399 (1986). Baig had, however, included hostile work environment claims in his amended EEOC complaint.

Seasonably, the government moved for summary judgment on each of the claims pled. The government's motion did not address a hostile work environment claim, which was not pled. Baig's response, in addressing his retaliation claims, asserted the legal basis for a hostile work environment claim. But the gist of this portion of his response cited the evidence that allegedly supported employer retaliation for his pending discrimination and other claims. The government's reply in support of summary judgment omitted any reference to a hostile work environment claim.

Initially, the district court denied summary judgment in a perfunctory order, but it reconsidered when, during the pretrial conference, it became convinced of two propositions. First, plaintiff had not created triable fact issues that he had suffered an adverse employment action or damages for Title VII purposes. Second, his religious discrimination claim failed as a matter of law because as a party to a collective bargaining agreement, Baig had not followed the correct procedure for requesting leave to assist his observance of Ramadan. During the course of the conference, the court made abundantly clear the basis for its rulings, including that plaintiff had not accurately pled a hostile work environment claim. Confronted with this last statement, Baig continued to insist a hostile work environment claim was part of his lawsuit.

No. 17-20784

A week or so later, the court entered a brief summary judgment order. The order lists plaintiff's claims of "national origin [discrimination] based on a hostile work environment; religious discrimination for not being granted an accommodation during Ramadan; and retaliation for his EEO complaints." The court wrote that it found no basis for religious discrimination because the plaintiff's "ability to observe the Muslim holy day was frustrated by his failure to timely secure approval pursuant to the leave policy." The court also wrote that "the plaintiff's retaliation and naturalization [sic] claims fail because he cannot establish that he suffered an adverse employment action. There is no evidence of a loss in rank, demotion, loss in pay or termination as a result of the plaintiff's national origin or due to retaliation." The court did not write on any hostile work environment claim as such. Baig appealed.

Four issues are raised on appeal. First, Baig asserts that he was deprived of proper notice before the court changed its mind and granted summary judgment. FED. R. CIV. P. 56(f) (reasonable time to respond required before court grants *sua sponte* summary judgment). We disagree. The court was reconsidering a motion that had been fully briefed by both parties, plaintiff's counsel did not advise the court that further discovery or opportunity to respond was required, and the court did not go outside the evidence and arguments that had been presented when it ruled. In such circumstances, the court did not abuse its discretion, as might have been the case if it had relied on newly presented evidence. *Millar v. Houghton*, 115 F.3d 348, 351 (5th Cir. 1997).

Baig asserts his religious discrimination claim was a request for the "accommodation" of allowing him to work through the day and leave early from work during Ramadan. The government responds with the actual emails, which show that his request was untimely according to applicable policy, and he never actually asserted a need to leave work early in order to pray at the

3

mosque. The fact that Baig's previous supervisor had allowed Baig to work a different schedule during Ramadan does not mean that the new supervisor "discriminated" against him when, in lieu of giving an accommodation, the supervisor followed strict policy, which allowed leave if pre-requested. Thus, Baig never specifically informed the new supervisor about a conflict between his work schedule and his religious practice, nor did following the neutral leave rules amount to religious discrimination.

Further, Baig's retaliation and national origin claims were correctly rejected by the district court for lack of an "adverse employment action" as that term applies in Title VII. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995); *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000) ("[C]riticism, such as ... oral threats or abusive remarks, does not rise to the level of an adverse employment action."). The written reprimand had no practical effect on his job duties, pay or benefits. Supervisors' alleged mistreatment and argumentative comments, even if hurtful to Baig, also did not constitute adverse employment actions.

There remains the question whether Baig asserted a hostile work environment claim in his court pleadings or through trial by consent. Having carefully reviewed the record, we conclude he did not. No such claim appears in his operative complaint. The oblique references to a hostile work environment in his response to the government's summary judgment motion are insufficient to place the government on notice, even if such a pleading could supplement the claims he had actually pled. Nor did the government attempt to answer a non-obvious hostile work environment claim in its reply briefing. The pretrial order's two characterizations of a "hostile work environment" do not stand out as offering a separate legal theory for relief. Finally, the district court explained at the pretrial conference that "hostile environment" was not a part of the lawsuit. There is a slight ambiguity in the court's statements,

## No. 17-20784

which could refer either to the lack of a pleading or to insufficient proof that plaintiff's treatment was so severe as to interfere with his employment conditions. But the court had also teed up for discussion the issues Baig specifically raised: race/national origin discrimination, religious discrimination, and retaliation, and counsel did not intervene to reference a distinct Title VII hostile work environment claim. The court did not err or abuse its discretion in failing to rule on a hostile environment claim. *See Portis v. First Nat. Bank of New Albany*, 34 F.3d 325, 331 (5th Cir. 1994).

The judgment of the district court is **AFFIRMED**.